## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JOSEPH STEFFENS,

              Plaintiff,

v.                                 Case No. 6:22-cv-1610-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

              Defendant.

_____/

## <u>OPINION AND ORDER</u>[2]

## I.  <u>Status</u>

Joseph Steffens ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of coronary artery disease, triple bypass surgery, high cholesterol, prostate cancer and surgery, and "mental

---

[1]    Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. <u>See</u> Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 9), filed December 5, 2022; Reference Order (Doc. No. 12), entered December 8, 2022.

health conditions." Transcript of Administrative Proceedings (Doc. No. 10; "Tr." or "administrative transcript"), filed December 5, 2022, at 63, 81, 152, 164, 404.

On January 13, 2021, Plaintiff protectively filed applications for DIB and SSI, alleging a disability onset date of January 9, 2021 in the DIB application and January 13, 2021 in the SSI application. Tr. at 301-02 (DIB), 303-09 (SSI).[3] The applications were denied initially, Tr. at 62-79, 139, 141, 181-86 (DIB); Tr. at 80-97, 140, 146, 194-99 (SSI), and upon reconsideration, Tr. at 151, 164-75, 208-11 (DIB); Tr. at 150, 152-63, 212-13 (SSI).[4]

On December 20, 2021, an Administrative Law Judge ("ALJ") held a hearing, during which she heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE").[5] Tr. at 36-57. At the time of the hearing, Plaintiff was fifty-one (51) years old. Tr. at 40. On January 26, 2022, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 15-25.

---

[3]    The applications were actually completed on January 14, 2021 and February 26, 2021, respectively. See Tr. at 301 (DIB), 303 (SSI). The protective filing date for both the DIB and SSI applications is listed elsewhere in the administrative transcript as January 13, 2021. Tr. at 63, 164 (DIB), 81, 152 (SSI).

[4]    Some of these documents are duplicated in the administrative transcript. Duplicates are not cited.

[5]    The hearing was held via telephone, with Plaintiff's consent, because of extraordinary circumstances caused by the initial stages of the COVID-19 pandemic. Tr. at 38-39, 223-28.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council and submitted a brief authored by his counsel. Tr. at 4-5 (Appeals Council exhibit list and order), 296-97 (request for review), 424-30 (brief). On July 20, 2022, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner. On September 7, 2022, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

Plaintiff on appeal argues: 1) "the ALJ did not sufficiently evaluate the opinions of Plaintiff's treating physician, Dr. William Gottschalk"; and 2) "the ALJ did not consider how Plaintiff's headache disorder limits his ability to work." Plaintiff's Brief in Opposition to the Commissioner's Decision (Doc. No. 15; "Pl.'s Br."), filed December 26, 2022, at 1; see id. at 9-16 (argument on first issue), 16-18 (argument on second issue). On February 23, 2023, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 18; "Def.'s Mem.") addressing Plaintiff's arguments. Then, with permission, Plaintiff on March 8, 2023 filed Plaintiff's Reply Memorandum (Doc. No. 19; "Reply"). After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for further proceedings.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 17-25. At step one, the ALJ determined that Plaintiff "has not engaged in [substantial gainful activity] since January 9, 2021, the alleged onset date." Tr. at 17 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following

---

[6]    "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

severe impairments: heart disease with venous insufficiency of the legs, status-post coronary artery bypass graft (CABG) with residual symptoms; prostate cancer (related incontinence symptoms); depression; anxiety[;] and post-traumatic stress disorder (PTSD)." Tr. at 17-18 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 18 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can perform] light work (20 CFR [§§] 404.1567(b) and 416.967(b)) except sit 50% of the day and stand 50% of the day; with occasional stooping, kneeling, crouching, crawling, and climbing ramps and stairs, but never ladders, ropes, or scaffolds. The bilateral upper extremities can frequently push and pull. Avoid: work at heights, work with dangerous machinery and dangerous tools, constant temperatures over 90°F and under 40°F (can be frequent), concentrated exposure to pulmonary irritants (e.g., dust, fumes, gases, chemicals), and foot controls. Work tasks can be up to 1-5 steps, learned in 30 days, with occasional interaction with coworkers, supervisors, and the general public.

Tr. at 20 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is unable to perform any past relevant work" as a "Hotel housekeeper," a "Hotel room inspector," a "Hotel housekeeper supervisor," a "Fast food worker/crew member," and a "Fast food supervisor." Tr. at 24 (some

5

emphasis and citation omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 24-25. After considering Plaintiff's age ("50 years old . . . on the alleged disability onset date"), education ("limited"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 24 (emphasis omitted), such as "Retail Marker," "Labeler," and "Hand Garment Trimmer," Tr. at 25. The ALJ concluded Plaintiff "has not been under a disability . . . from January 9, 2021, through the date of th[e D]ecision." Tr. at 25 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v.

Berryhill, 139 S. Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff first argues the ALJ erred in evaluating the two opinions of treating physician William Gottschalk, M.D. Pl.'s Br. at 9-16; Reply at 2-8. According to Plaintiff, the ALJ provided insufficient rationale for finding the first opinion somewhat persuasive; and failed to include key restrictions in the RFC from the second opinion, which the ALJ found to be generally persuasive. Pl.'s Br. at 9-16; Reply at 2-8. Responding, Defendant argues the ALJ adequately evaluated the medical opinions and provided good reasons for finding the first to be only somewhat persuasive. Def.'s Mem. at 5-10. As to the second opinion, Defendant contends the ALJ was not required to include each and every restriction in the RFC. Id. at 11-13.

Plaintiff also argues the ALJ erred in failing to address his headache condition in any way. Pl.'s Br. at 16-18; Reply at 8-9. Defendant counters that because the ALJ took into account the non-examining state-agency opinions by doctors who did consider the headaches, the ALJ did not err despite not herself explicitly addressing headaches in the Decision. Def.'s Mem. at 13-14.

The undersigned finds, for the reasons stated below, that this matter is due to be reversed and remanded on the first issue relating to Dr. Gottschalk's opinions. On remand, the Administration shall also explicitly reconsider Plaintiff's headache condition and any effects it has on his ability to work. A discussion of Dr. Gottschalk's opinions follows.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using

other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a).[7] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she

---

[7]     Plaintiff filed his applications after the effective date of section 404.1520c, so the undersigned applies the revised rules and Regulations.

evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3).[8]

At issue here are August 2021 and September 2021 opinions by Dr. Gottschalk. On August 3, 2021, Dr. Gottschalk wrote that Plaintiff could stand 15 minutes at a time, sit 60 minutes at a time, and lift 5 pounds frequently. Tr. at 1229-31, 1230. On September 22, 2021, Dr. Gottschalk wrote that Plaintiff can stand 15 minutes at a time each hour in an 8-hour workday. Tr. at 1593-1601, 1594. The reason for the limitation was "fatigue / weakness + incontinence." Tr. at 1595. Plaintiff could lift 11-20 pounds per 8-hour workday, and 5-10 pounds regularly. Tr. at 1595.

The ALJ evaluated the opinions separately. As to the August 2021 opinion, the ALJ noted Dr. Gottschalk "supported his opinion" with Plaintiff's "prostate cancer diagnosis and effects of treatment," (citation omitted), but the ALJ found the opinion to be "inconsistent with evidence thereafter showing

---

[8]     When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

[Plaintiff] has a greater exertional capability with some postural and environmental limitations, namely his normal motor activity and normal gait with mild to moderate tandem difficulty." Tr. at 23 (citing Ex. B29F4, located at Tr. at 1488; and B38F2, located at Tr. at 1585). The ALJ concluded the opinion was "somewhat persuasive." Tr. at 23.

As for the September 2021 opinion,[9] the ALJ noted "[t]his opinion was supported by symptoms of fatigue/weakness, history of bypass graft, and prostate cancer." Tr. at 23 (citation omitted). The ALJ found the opinion was "generally consistent with the record showing [Plaintiff] maintains the capacity to perform light exertion with limited sitting and standing and postural activities, namely his testimony of heart surgery, prostrate related incontinence, and knee pain." Tr. at 23. The ALJ further found that "[e]nvironmental limitations are appropriate concerning testimony of heart symptoms, incontinence, and knee pain." Tr. at 23. Overall, the ALJ found the September 2021 opinion to be "generally persuasive." Tr. at 23. When the ALJ assigned the RFC, however, the ALJ limited Plaintiff only to light work with "sit[ting] 50% of the day and stand[ing] 50% of the day," Tr. at 20, which does not account for Dr. Gottschalk's September 2021 opinion (or the August 2021

---

[9]     The ALJ labeled this opinion as written by "Viillan Gottschale," Tr. at 23, but it is actually authored by Dr. Gottschalk, Tr. at 1600.

opinion) that Plaintiff can stand only 15 minutes out of every hour, Tr. at 1594 (September 2021), 1230 (August 2021).

The ALJ erred in addressing Dr. Gottschalk's opinions. As to the first opinion, the ALJ cited to two records to show its alleged inconsistency with the record evidence. One of the records is a psychiatric treatment record noting motor activity "WNL," believed to stand for "within normal limits," that is not particularly valuable on the issue of Plaintiff's physical limitations. Tr. at 1488. The other record is a neurology record documenting treatment for "Headaches/Migraines" and noting a normal gait and station with "mild-moderate Tandem difficulty." Tr. at 1584-85. This record, similarly, is not very probative on the matters about which Dr. Gottschalk opined in his first opinion. Further, the ALJ did not address the opinions' supportability. Compare Tr. at 23 (ALJ discussing opinion), with, e.g., Tr. at 1320-21 (Dr. Gottschalk's August 3, 2021 office notes documenting instruction "not [to] lift more than 5 pounds" and "not [to] stand for more than 15 minutes out of every hour"), 1349, 1353 (July 2, 2021 note documenting same instruction).

Moreover, regarding the second (September 2021) opinion, the ALJ found it generally persuasive but then failed to include its key component. This could have been an oversight, because the ALJ's summary of the opinion does not include the 15-minute standing limitation. See Tr. at 23. Whether intentional or unintentional, the fact remains that the assigned RFC does not comport with

Dr. Gottschalk's assigned limitations. <u>See</u> Tr. at 20. In such a situation, the ALJ must either incorporate the limitations or adequately explain the election not to do so. The failure to do so here was error.

In light of the foregoing, the matter must be reversed and remanded for reconsideration of Dr. Gottschalk's opinions. On remand, the Administration shall also ensure adequate consideration of Plaintiff's headache impairment and its effect, if any, on his ability to perform work.

## V.  Conclusion

In light of the foregoing, it is

**ORDERED**:

1.    The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A)    Reconsider the opinions of Dr. Gottschalk regarding Plaintiff's work-related functional limitations;

(B)    Consider the effect, if any, of Plaintiff's headache impairments on his ability to perform work; and

(C)     Take such other action as may be necessary to resolve these claims

properly.

2.     The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 28, 2024.

*James R. Klindt*

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record

14